UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
CYNTHIA EVERETT,

                        Plaintiff,

            **MEMORANDUM
            AND ORDER**

         - against -

            CV 06-0269 (SJ) (JO)

FAVEUR BAZILME, et al.,

                      Defendants.
----------------------------------------------------------X

**JAMES ORENSTEIN, Magistrate Judge:**

      Plaintiff Cynthia Everett ("Everett"), acting both as the legal guardian of her infant son and as a plaintiff seeking damages for herself, filed the instant personal injury suit against defendants Faveur Bazilme and Murko Bazilme, alleging that she and her son had both been harmed as the result of an automobile accident that occurred on August 24, 2004, in Queens County, New York.[1] After completing discovery, the parties agreed in principle to settle the case, primarily by means of a payment by the defendants of the sum of $125,000, inclusive of attorney's fees and costs. DE 27 (Affidavit of Thomas D. Wilson) ("Wilson Aff.") ¶ 10. Pursuant to the terms of the proposed settlement, one third of the total payment would go to the plaintiff's counsel as his fee, the remainder would be deposited into a bank account for the benefit of the infant, and Everett would receive nothing for herself. Having reviewed the papers submitted in support of the proposed settlement and conducted an infant compromise hearing, I now approve the proposed settlement, including its provision for counsel's fee, as fair, reasonable, and in the best interests of the infant. *See* Loc. Civ. R. 83.2(a); N.Y. C.P.L.R. § 1205-08; N.Y. Jud. Law § 474.

---

[1] In her original complaint, Everett also named Mona G. Bazilme as a defendant, but later withdrew her claims against the latter. *See* Docket Entry ("DE") 13.

A. Background

In her complaint, Everett alleged that her son was injured on August 24, 2005, when defendant Myrko Bazilme, driving a car jointly owned by both defendants, struck the child while the latter was riding his bicycle. Everett's son sustained a variety of injuries including a fracture of his temporal bone and a severe knee injury that required extensive surgery. *See* DE 27 (Hospital Reports). Further proceedings revealed that Everett's son will require further knee surgery in the future, and that there is no guarantee that he will regain the full use of the knee. Everett's claims on her own behalf arose entirely from her son's injuries, and was predicated on the loss of her son's services and her payment of his medical bills. *See* DE 1 (Complaint) at 2.

Discovery of the claims revealed, among other things, that the defendants were covered by an insurance policy for a total of $100,000, and that they had largely dissipated their remaining assets – meaning that even if she secured a large judgment on her son's behalf, Everett would face significant challenges in collecting much more than the amount of the policy. Taking the latter consideration into account, as well as the substantive strengths and weaknesses of the case, the parties negotiated a proposed settlement, pursuant to which the defendants would pay a total of $125,000 in settlement of all claims in this case, representing the full amount of the insurance policy plus an additional $25,000 to be paid directly by the defendants, with all payments to be made within 21 days.[2] The proposed settlement also explicitly provides for the distribution of the $125,000 total as follows: Everett's attorney will receive $40,780.92 in attorney's fees and $2,657.23 in costs, leaving a balance of $81,561.85 to be paid into a bank

---

[2] The papers before me do not reveal the date on which the 21-day period commences. I assume that start date is no later than the date of this order approving the proposed settlement.

account held by Everett for the exclusive benefit of her son until the latter achieves his eighteenth birthday. None of the settlement would go to Everett in her own right.

Pursuant to Local Civil Rule 83.2(a), and in conformity with Section 1208 of the New York Civil Practice Law and Rules, I held a hearing on June 20, 2007, to determine the reasonableness and propriety of the proposed settlement of the infant's cause of action and to determine a reasonable attorney's fee and proper expenses incurred by the plaintiff's attorney in prosecuting this action on behalf of the plaintiff. Attorney Wilson appeared before me in person, and Everett and her son appeared by telephone. In support of the proposed settlement, Wilson submitted affidavits signed by himself and Everett, respectively, along with a copy of the relevant hospital records regarding the child's treatment. Wilson explained the terms of the settlement on the record, as well as his view as to why the proposed result is a fair one. Everett indicated that she understood and agreed to the terms of the proposed settlement. I also spoke at length with Everett's son – a process that proved challenging not only because of his age (he is ten years old) but also because of an occasionally poor connection to the mobile telephone that he and his mother were using. Although the child initially objected to the extent of Wilson's proposed fee (without providing a reason as to why he held that view), by the close of the hearing he had changed his mind and indicated that he understood and agreed to the terms of the settlement, including Wilson's request for his fee and costs.

For the reasons set out below, I find that the proposed settlement is fair and reasonable; that the provisions made for securing the funds are appropriate and will adequately protect the infant plaintiff's interests; and that the attorney's fees are also reasonable. Accordingly, I approve the proposed settlement.

B.     Fairness Of The Total Settlement Amount

There is no bright-line test for concluding that a particular settlement is fair. *See, e.g.*, *Newman v. Stein*, 464 F.2d 689, 692-93 (2d Cir. 1972). Rather, the court must determine whether the proposed settlement is "'fair, reasonable, and adequate' by comparing 'the terms of the compromise with the likely rewards of litigation.'" *Neilson v. Colgate-Palmolive Co.*, 199 F.3d 642, 654 (2d Cir. 1999) (quoting *Maywalt v. Parker & Parsley Petroleum Co.*, 67 F.3d 1072, 1078 (2d Cir. 1995)). A strong presumption exists that a settlement is fair and reasonable where "(i) the settlement is not collusive but was reached after arm's length negotiation; (ii) the proponents have counsel experienced in similar cases; [and] (iii) there has been sufficient discovery to enable counsel to act intelligently ...." *Ross v. A.H. Robins Co., Inc.*, 700 F. Supp. 682, 683 (S.D.N.Y. 1988) (internal citations and quotation marks omitted). There is no indication of collusion in this case.[3] To the contrary, having overseen discovery in this case, I am confident that the infant and his counsel agreed to this settlement only after arm's-length bargaining with the defendants. I find that sufficient discovery was conducted to enable an intelligent analysis of the issues and the proposed settlement.

In considering a proposed settlement, the following factors may also be relevant:

> (1) the complexity, expense and likely duration of the litigation ... ; (2) the reaction of the class to the settlement ... ; (3) the stage of the proceedings and the amount of discovery completed ... ; (4) the risks of establishing liability ... ; (5) the risks of establishing damages, ... ; (6) the risks of maintaining the class action through the trial ... ; (7) the ability of the defendants to withstand a greater

---

[3] In compliance with N.Y. C.P.L.R. § 1208, Wilson asserts that neither he nor his firm represents anyone besides the named plaintiffs in this case. He also represents that neither he his firm has received or will receive any compensation other than that applied for in connection with this settlement. Wilson Aff. ¶ 14. I am satisfied that the infant's interests are not being sacrificed in any way and that counsel has represented his client with only the clients' interests in mind.

> judgment ... ; (8) the range of reasonableness of the settlement fund in light of the best possible recovery ... ; (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation ....

*City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974) (internal citations omitted). In applying these factors, I am mindful that I need "'not decide the merits of the case or resolve unsettled legal questions.'" *In re McDonnell Douglas Equip. Leasing Sec. Litig.*, 838 F. Supp. 729, 739 (S.D.N.Y. 1993) (citing *Carson v. American Brands, Inc.*, 450 U.S. 79, 88 n.14 (1981)). Moreover, as courts have held that under New York law it should be presumed that the guardian or parent of the infant is acting in the best interests of the child and accordingly, I give deference to Everett's views regarding the fairness of the settlement. *See, e.g.*, *Sabater v. Lead Indus. Ass'n, Inc.*, 2001 WL 1111505, at *3-*4 (S.D.N.Y. Sept. 21, 2001); *Stahl v. Rhee*, 643 N.Y.S.2d 148, 153 (N.Y. App. Div. 1996) (noting that "[i]n a case where reasonable minds may legitimately differ, the judgment of the infant's natural guardian should prevail.").

Although the litigation in this case is not overly complex, it has caused, and is likely to continue to cause if not settled, a significant expense to all the parties involved. Apart from the cost of a trial, the potential cost of retaining experts on the infant plaintiff's damages and the nature of his injuries might well significantly diminish any amount the infant plaintiff would be likely to recover even if successful at trial.

Under the terms of the proposed settlement, the defendants' insurance carrier will pay $100,000 and the defendants will pay an additional $25,000, for a total of $125,000. After subtracting $40,780.92 in attorney's fees and $2,657.23 in costs payable to attorney Wilson, that leaves $81,561.85 to be paid into an account that Everett will hold for the sole use and benefit of

5

her son until he reaches adulthood. Based on an evaluation of the circumstances of the case, I find the proposed settlement amount to be reasonable.

C. Attorney's Fees

Under New York Judiciary Law Section 474, the criterion for determining the appropriate amount of attorney's fees to be awarded in the context of an infant compromise proceeding is "'suitable compensation for the attorney for his service ... [on] behalf of the ... infant.'" *Allstate Ins. Co. v. Williams*, 2006 WL 2711538, at *4 (E.D.N.Y Sept. 21, 2006) (quoting *Werner v. Levine*, 276 N.Y.S.2d 269, 271 (N.Y. Sup. Ct. 1967)). Although the infant's mother has agreed to the requested amounts of attorney's fees and costs, it should be noted that such agreements made by guardians are "'advisory only'" and "'in the last analysis, the amount of the fee must be fixed by the court.'" *Id.* (quoting *Werner*, 276 N.Y.S.2d at 271).

Attorney Wilson has submitted an affidavit listing the various services his office has performed during the pendency of this case, and represented orally at the June 20, 2007 hearing that he has expended a significant amount of time and effort on this case. Wilson Aff. ¶ 11. Both Wilson and Everett agree that they entered into a standard retainer agreement to pay Wilson one-third of the amount recovered on the infant plaintiff's behalf, plus costs. *Id.* ¶ 4; DE 27 (Affidavit of Cynthia Everett) ¶ 8. Based on these representations, I find that given the amount of work involved, the requested attorney's fee of one-third of the total settlement payment is reasonable.

D. Conclusion

Based upon a review of the submissions by counsel for the infant and by the infant's mother and guardian, I find the proposed settlement of the claims by Everett on behalf of her

6

infant son in the amount of $125,000 to be fair, reasonable, and proper. In addition, based on the affirmations from counsel and the infant's mother and guardian, along with the representations made on the record at the June 20, 2007 hearing, I grant attorney Wilson's request for $40,780.92 in attorney's fees and $2,657.23 in costs. I order that the remainder of the settlement proceeds – which shall not total less than $81,561.85 – to be deposited in an interest-bearing account in at the Bank of America, located at 205 Montague St. in Kings County, New York. The account shall be in the name of Ms. Everett and shall be held for the sole use and benefit of her son until he reaches the age of 18, except to pay for necessary medical expenses, and then only upon order of the court. The bank shall, without further court order, pay over to the beneficiary of the account all monies held in that account when he reaches the age of 18.

This court will retain jurisdiction of this action for the purposes of enforcing this infant compromise order and the terms of the underlying settlement, entering this infant compromise order directing the disposition of funds, and hearing and determining applications for the release of funds under this infant compromise order.

**SO ORDERED.**

Dated: Brooklyn, New York
      June 26, 2007

                                            /s/ James Orenstein
                                            JAMES ORENSTEIN
                                            U.S. Magistrate Judge